## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Norfolk Division

**RODNEY SINCLAIR POUGH,**

        **Petitioner,**

v.                                       **Civil Action No. 2:16-cv-272**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

        **Respondent.**

### REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Rodney Sinclair Pough's ("Pough") Petition for a Writ of Habeas Corpus ("Petition"), filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 6. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 6, be **GRANTED**, and Pough's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 9, 2005, the Louisa County Circuit Court convicted Pough of attempted capital murder of a law enforcement officer, use of a firearm in the commission of a felony,

maliciously shooting at an emergency vehicle, and felony eluding of a law enforcement officer for an incident that occurred on December 22, 2001. ECF No. 7 at 2. The Circuit Court sentenced Pough to twenty five years and six months, for which he is presently confined. *Id.* Pough became a state responsible offender on October 25, 2007, and his estimated release date is July 31, 2024. *Id.* Pough appealed his conviction to the Virginia Court of Appeals, who affirmed the Circuit Court's decision. *Pough v. Johnson*, No. 7:10-cv-00105, 2010 WL 1417834, at *1 (W.D. Va. Apr. 8, 2010). Pough then filed a petition for appeal to the Supreme Court of Virginia, which was denied on September 25, 2007. *Id.*

On October 7, 2008, Pough filed a petition for writ of habeas corpus with the Louisa County Circuit Court that was dismissed on January 2, 2009. ECF No. 5 at 2. Pough filed a petition for writ of habeas corpus in the United States District Court for the Western District of Virginia where he alleged "that errors in his state trial deprived him of his constitutional rights." *Pough*, 2010 WL 1417834 at *1. The court dismissed his petition as untimely on April 8, 2010. *Id.* at *3.

Pough filed a petition for writ of habeas corpus with the Supreme Court of Virginia on July 27, 2015. ECF No. 1 at 5. He argued that he should receive credit for his sentence under Virginia Code § 53.1-199 that allows inmates convicted of felonies after 1981 to earn thirty days of credit for every thirty days served. Memorandum of Law and Facts in Support of Writ of Habeas Corpus Ad Subjiciedum, *Pough v. Clarke*, No. 151140, at 4-6 (Va. July 27, 2015). Pough argued the statute under which he receives credit, Virginia Code § 53.1-202.2, is in "direct conflict" with Virginia Code § 53.1-199 because it allows those convicted of felonies after 1995 to only receive between 1.5-4.5 days of credit for every thirty days served. *Id.* at 5. Accordingly, he claimed that Virginia Code § 53.1-202.2 violates: (A) the Contracts Clause in

2

Article I Section 10 of the United States Constitution and (B) the Privilege and Immunities and Due Process Clauses of the 14th Amendment of the United States Constitution. *Id.* at 6-13. Pough also contended that his petition was timely "because the factual predicate of the claim can be found at every annual review where the law implemented in 1995 (Virginia Code § 53.1-202.2-ESC) is reapplied." *Id.* at 7.

The Supreme Court of Virginia denied his petition as untimely on December 8, 2015. ECF No. 1 at 5. The court also found Pough's "claims, which concern the rate at which petitioner's good conduct or sentenced credit is calculated, are not cognizable in a petition for a writ of habeas corpus" because a petitioner cannot file a habeas case for "prison classification issues concerning the rate at which a prisoner earns good conduct or sentence credits." *Id.* (citing *Carroll v. Johnson*, 685 S.E.2d 647, 652 (Va. 2009)).

Pough filed the instant Petition for federal habeas relief on February 5, 2016, where he raised the same grounds alleged in his second state habeas petition. ECF No. 1. The Assistant Attorney General, on behalf of the Respondent, filed a Rule 5 Answer, Motion to Dismiss with *Roseboro*, *Roseboro* Notice, and Brief in Support on July 20, 2016. ECF Nos. 5-8. Pough filed a Reply on August 4, 2016. ECF No. 9. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Timeliness

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review, or the factual predicate of the claim being asserted in the petition could have been discovered with due diligence, whichever is the

3

latest.[1] 28 U.S.C. § 2244(d)(1)(A), (D). Generally, the limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2). To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Moreover, the time in which a habeas petition is pending in federal court does not toll the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

The Supreme Court of Virginia refused Pough's petition for appeal on September 25, 2007. Pough's one year to file a petition in this Court began when his conviction became final ninety days later on December 24, 2007, at the expiration of his time to file a petition of certiorari with the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13(1) (directing that notice of appeal must be filed within ninety days after entry of final judgment); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (holding judgment became final when ninety-day period for filing a petition for certiorari with the United States Supreme court expired). Accordingly, Pough's deadline for filing a federal habeas petition was December 24, 2008 absent tolling. Pough's first state habeas petition tolled the statute of limitations from October 7, 2008 until January 2, 2009. Since 288 days of Pough's federal habeas statute of limitations had run before his state habeas petition, he only had seventy

---

[1] 28 U.S.C. § 2244(d)(1)(B) and (C), which address other means by which to calculate the one-year statute of limitations, are not applicable here and will not be discussed.

seven days to file his federal habeas petition. Pough's deadline to file was extended to March 20, 2009, but he did not file until February 5, 2016.

Pough argued that his Petition was timely because the factual predicate is reapplied every year at his annual review. However, "the trigger in § 2244(d)(1) is...discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001). Moreover, § 2244(d)(1)(D) considers the factual predicate as the time when the petitioner could have discovered the claim with due dilligence. In this case, Pough became a state responsible offender on October 25, 2007, so with due dilligence, he should have discovered his claim sooner than the almost nine years it took him to file this Petition. Moreover, in his Reply, Pough conceded that he "could have discovered the violation at that time." ECF No. 9 at 3-4. Therefore, this Court **FINDS** Pough's Petition was untimely.

## B. Successive Petition

Even if Pough's Petition was timely, it would be barred as a successive Petition. Pursuant to 28 U.S.C. § 2244(b), a federal district court may entertain a second or successive § 2254 petition only after the petitioner "move[s] in the [Fourth Circuit] for an order authorizing th[is] [] [C]ourt to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without authorization, the court is devoid of jurisdiction to consider the claims, and the petition must be dismissed. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000)).

Undoubtedly, Pough's instant Petition is numerically his second habeas petition; "[h]owever, it is settled law that not every numerically second petition is a 'second or successive' petition." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). A second petition is permitted if the petitioner "shows that the claim relies on a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). Additionally, the petitioner can file a successive petition if "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B)(i).

In the instant matter, Pough asserted that even though he "could have discovered the violation at that time, this does not prohibit him from addressing that same violation if it happens at a later date." ECF No. 9 at 3-4. Given his concession, Pough cannot file a successive petition because he could have discovered the factual predicate for his present claims with due diligence. Additionally, Pough argued his "petition is available to address a constitutional violation any time it occurs." *Id.* at 4. Pough's present claims were brought under the Contracts Clause and the 14th Amendment of the United States Constitution, not a new rule of constitutional law that the Supreme Court made retroactive. Without authorization from the Fourth Circuit, this Court has no discretion to address the merits of Pough's claims and must dismiss the petition on this basis alone, without prejudice to Pough's subsequent attempt to receive authorization. 28 U.S.C. §§ 2244(b)(1), (4). Therefore, the undersigned **FINDS** that this Petition is a second or successive habeas petition filed without authorization from the Fourth Circuit.

## C. Procedural Default

Furthermore, if Pough's Petition was not successive, his claims are procedurally defaulted. The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A state procedural rule provides adequate

and independent grounds for dismissal "if it is regularly or consistently applied by the state court" and "does not rely on a rule of federal constitutional law." *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1994) (citing *Johnson v. Mississippi*, 468 U.S. 578, 587 (1988); *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). Here, the Supreme Court of Virginia held that Pough's petition was barred as untimely. ECF No. 1 at 5. A state court's dismissal of a petition for timeliness constitutes an adequate and independent state law ground for a decision. *Sparrow v. Dir. Dep't of Corr.*, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006). Therefore, Pough's claims are procedurally defaulted.

However, "[a] petitioner may only overcome procedural default and obtain federal review on the merits if he is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, No. 2:10cv339, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). "In order to show 'cause' for the default, [a petitioner] must establish 'that some objective factor external to the defense impeded [his] efforts to raise the claim in state court at the appropriate time.'" *Breard*, 134 F.3d at 619 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Pough argued that there was cause for the default because "his claim is unique in that it evolves from a *continual violation*" and "does not stem from an isolated incident." ECF No. 9 at 1-2 (emphasis in original). Even if that were the case, which it is not, the notion that the Commonwealth's application of Va. Code § 53.1-202.2 constitutes a continued violation is evidence that Pough could have raised his claim earlier, yet he never cited an external reason that prevented him from bringing his claims in state court. Thus, Pough has not established cause, and absent a showing of cause, a prejudice analysis is unnecessary. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting

7

that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding).

A petitioner may be able to overcome the procedural bar if he is able to demonstrate that failure to review his habeas claims will result in a fundamental miscarriage of justice. "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray*, 477 U.S. at 496). Pough did not argue actual innocence, therefore, failing to review his claims will not result in a fundamental miscarriage of justice. Accordingly, the undersigned **FINDS** Pough's claims are procedurally defaulted.

### D. Merits

Finally, even if the Court reached the merits of Pough's Petition, the undersigned concludes that it should be dismissed. Pough argued that Virginia Code § 53.1-199, which provides for felons convicted after 1981, is in "direct conflict" with Virginia Code § 53.1-202.2 because it provides for those convicted for felonies after 1995. ECF No. 1 at 10. Pough stated he should be able to receive credit under § 53.1-199 since he was sentenced after 1981. However, Virginia Code § 53.1-202.1 specifically provides that § 53.1-199 "shall not apply to any sentence imposed upon a conviction of a felony offense committed on or after January 1, 1995." Since Pough was convicted in 2005, he is ineligible under § 53.1-199 and can only receive credit under § 53.1-202.2. Despite Pough's invocation of Article I Section 10 and the Fourteenth Amendment of the United States Constitution, no contract rights were implicated by the State's amendment of its sentencing statutes, years before Pough committed his crimes. Thus his underlying claims are meritless, and the undersigned **RECOMMENDS** dismissal.

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 6, be **GRANTED**, and that Pough's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Pough is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 9, 2016